# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD W. LESLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:08CV1928ERW/MLM** |
| | ) | |
| **TROY STEELE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the court is the Petition Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petitioner Richard W. Lesley ("Petitioner"). Doc. 1.  Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 17.  Petitioner filed a Traverse and a Supplemental Traverse. Doc. 24, Doc. 25.  Also before the court are a Motion for Reduction of Sentence and a Motion to Introduce Evidence filed by Petitioner. Docs. 20, 26.  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 6.

## I.
## BACKGROUND

On September 12, 2007, Petitioner pled guilty to the class B felony of Driving While Intoxicated ("DWI"), Mo. Rev. Stat. § 577.010.   At his plea hearing Petitioner was represented by counsel.  At the plea hearing, the prosecutor stated that if Petitioner's case went to trial the following facts would be established:

> On or about June 12th of [2007], on Commercial Street in Dunklin County, Defendant operated a vehicle under the influence of alcohol.

Also, [] on or about the 19th day of April 2000 Defendant pleaded guilty to driving while intoxicated in the Circuit Court of Stoddard County and was represented by counsel. On the 20th day of August of 1996, he pled guilty to driving while intoxicated in Mississippi County Circuit Court, Missouri and was represented by counsel. And on November 7th, 1996, he pleaded guilty to driving while intoxicated in the Associate Circuit Court of Stoddard County, Missouri and was represented by counsel. And on January 23rd, 1995, he pleaded guilty to driving while intoxicated in the Circuit Court of Cape Girardeau County, Missouri and was represented by counsel.

Resp. Ex. A at 11-12.

Petitioner testified that the facts as stated by the prosecutor were true. After being informed of his constitutional rights, Petitioner informed the court that he understood the constitutional rights which he was waiving by pleading guilty. Resp. Ex. A at 12. The court accepted Petitioner's guilty plea and the court sentenced Petitioner, as a chronic offender, to a term of seven years and recommended that Petitioner be placed in a long-term substance abuse treatment center. Resp. Ex. A at 13-14. The court also acknowledged that upon Petitioner's completion of the long-term substance abuse program, he would be placed in the general prison population to complete his sentence. Resp. Ex. A at 13. Upon being questioned by the court, Petitioner stated that he was satisfied with his counsel's performance at the September 12, 2007 plea hearing and the court made a finding that there was no probable cause to believe that Petitioner received ineffective assistance of counsel. The court then informed Petitioner of his right to file a post-conviction relief motion pursuant to Rule 24.035. Resp. Ex. A at 14. Pursuant to an agreement between Petitioner, his counsel, and the prosecutor, the court granted Petitioner a twenty-day furlough to have knee surgery before he was to surrender to the custody of the Sheriff. Resp. Ex. A at 13-15.

On September 23, 2007, while on furlough, Petitioner was arrested and charged by Information with the class B felony of DWI - chronic offender, pursuant to Mo. Rev. Stat. § 577.010. Resp. Ex. A at 35. On October 29, 2007, Petitioner pled guilty to the September 23, 2007 charge

of felony DWI. Petitioner was represented by counsel. Prior to Petitioner's pleading guilty the court explained to Petitioner that pursuant to the agreement between Petitioner and the State, the long-term treatment provision of the September 2007 plea agreement was going to be deleted by the court and Petitioner would have to serve a "straight seven-year sentence" for the September 2007 conviction. The court further informed Petitioner that it would sentence Petitioner to a "straight ten years in th[e] new case to be served concurrently" with the seven year sentence. Resp. Ex. A at 25, 28. When the court asked Petitioner if that is what he wanted the court to do, Petitioner responded, "[w]ell, yeah. But I - - I was just hoping I could have treatment because I need it." Resp. Ex. A at 25. The court then informed Petitioner that under the plea agreement he was not going to be referred to a treatment program but that Petitioner "can go there and ask for it on your own and I think they'll probably put you in it but it won't be a part of your sentence." Resp. Ex. A at 25. Petitioner responded, "[o]kay." Petitioner said that "[o]n that basis," he would plead guilty. Resp. Ex. A at 25.

At the October 2007 plea hearing, prior to accepting Petitioner's guilty plea, the court questioned Petitioner regarding his attorney's representation. In particular, the court asked Petitioner if he had talked about his new case with his attorney and whether his lawyer had "gone over with [him] the meaning of th[e] charge and told [him] the minium and maximum punishment." Petitioner responded that his attorney had done so. The court then informed Petitioner of the constitutional rights he was waiving by pleading guilty and Petitioner said that he understood the rights he was giving up. Resp. Ex. A at 26-27. After the prosecutor recited Petitioner's prior DWI convictions, including Petitioner's April 19, 2000, August 20, 1996, and January 23, 1995 convictions, Petitioner stated that what the prosecutor said was true. Petitioner testified that what the prosecutor said was true. Resp. Ex. A at 27-28. The court then found that Petitioner understood his constitutional rights, the nature of the crime charged, the range of punishment and consequences

3

of his guilty plea and that he knowingly, voluntarily, and intelligently was waiving his constitutional rights upon entering his guilty plea. The court accepted Petitioner's guilty plea, found that he was a chronic offender, and sentenced Petitioner to a term of ten years, to be served concurrently with his previous seven-year sentence. Resp. Ex. A at 27-28. At the October 2007 plea hearing the court than found no probable cause to believe that Petitioner received ineffective assistance of counsel and informed Petitioner of his right to file a post-conviction relief motion pursuant to Rule 24.035. The court then modified its September 2007 judgement and sentence and removed the recommendation that Petitioner be placed in a long-term treatment center. Resp. Ex. A at 30.

On January 29, 2008, Petitioner filed a pro se post-conviction relief motion. Resp. Ex. B at 2. Counsel was appointed and filed a First Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Resp. Ex. B at 2. In the amended post-conviction relief motion Petitioner alleged that he received ineffective assistance of counsel because counsel failed to conform to the customary skill, care and diligence of a reasonably competent attorney and because counsel failed to use such customary skill in investigating his defenses. Petitioner also alleged that his guilty plea was coerced by threats of his counsel. An evidentiary hearing was held on August 4, 2008.[1] Resp. Ex. D. At the hearing Petitioner argued that his October 2007 guilty plea was not voluntarily made for, among other reasons, he had been denied his medication prior to his pleading guilty. Petitioner also testified that at the time of his October 2007 guilty plea he had been given Klonopin; that when he was in jail after his September arrest he saw a nurse; that between the time of his September arrest and his entering a guilty plea in October 2007 he was given Paxil, Lithium, and Trenenal; and that he was not given Klonopin. Petitioner's plea counsel testified at the hearing and said that at the

---

[1] At the August 2008 post-conviction relief motion hearing Petitioner withdrew the post-conviction relief motion relevant to his September 12, 2007 DWI conviction. Resp. Ex. D at 2.

4

time he entered his guilty plea on October 29, 2007 Petitioner was coherent and evidenced a clear understanding of what the risks were if he decided not to enter a guilty plea. Counsel also testified that there was nothing about Petitioner's demeanor to evidence that he had any difficulty in understanding the things counsel was telling him. Counsel further testified that while Petitioner was in custody after his September 23, 2007 arrest and prior to October 29, 2007, Petitioner told counsel that he was not receiving his medication; that counsel contacted the jail nurse; and that the jail nurse told counsel that Petitioner was receiving medication. Resp. Ex. D at 18, 23, 32, 37.

On August 11, 2008, Petitioner filed a letter with the court in which Petitioner stated that he had been thinking about "all this relief appeal." Petitioner further stated in his letter: "I have decid[ed] and made my mind up to withdraw my complaints and go ahead and do my 10 year sentence and 7 yrs running cc. I am in hope's that you will notify the Prosecutor of my [decision] on this matter." Resp. Ex. B at 21. The motion court treated Petitioner's August 11, 2008 letter as a voluntary dismissal of his post-conviction relief motion and dismissed Petitioner's motion, with prejudice, on August 15, 2008. Resp. Ex. B at 20.

On December 2008, Petitioner filed his § 2254 Petition in which he raises the following issues:

> 1.    Petitioner's October 2007 guilty plea was not knowingly, voluntarily, and intelligently made because he entered it while under the influence of medication;[2]

---

[2]    Although the court will not address Petitioner's Ground 1 on its merits, the court notes that Petitioner acknowledged the truth of the conduct which gave rise to the charge to which he pled guilty; that he was aware of the sentence that was to be imposed, including that the court's recommendation in his prior case for treatment would be deleted; that the court informed Petitioner of the rights he was waiving by pleading guilty; and that Petitioner acknowledged that he understood the rights he was waiving. As such, Petitioner's October 2007 guilty plea was made knowingly and voluntarily as required by federal law. See Santobello v. New York, 404 U.S. 257, 261-62 (1971); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).

2. Petitioner received ineffective assistance of counsel because counsel failed to develop a credible defense;[3]

3. Petitioner received ineffective assistance of counsel because counsel did not have a "follow-up plan" after the plea agreement and should have insured that he was not required to serve a percentage of his sentence before becoming eligible for parole.[4]

4. Petitioner was denied due process because there was a rush to judgment.[5]

Doc. 1.

On January 14, 2009, subsequent to his filing his § 2254 Petition, Petitioner filed a "Motion to Recall Mandate/Exhibit[s]" in State court. Resp. Ex. B at 22-23. In this Motion Petitioner alleged claims of ineffective assistance of counsel. Petitioner further alleged, among other things, that he was denied his right of appeal and that he was under a disability, involuntary intoxication. Resp. Ex. B at 22-23. The court set Petitioner's Motion for a hearing at which Petitioner, his post-conviction relief counsel, and the prosecutor appeared. By Order dated February 19, 2009, the court denied Petitioner's Motion to Recall Mandate/Exhibits[s]. Resp. Ex. B at 24-25.

---

[3] Petitioner does not suggest what defense his counsel should have developed.

[4] Although the court will not address Petitioner's Ground 3 on its merits, the court notes that there is no constitutional right to parole where there is a discretionary parole system. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979). Missouri has such a system. See Maggard v. Wyrick, 800 F.2d 195, 197 (8th Cir. 1986). As such, Petitioner was not prejudiced by counsel's alleged ineffectiveness. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that to establish constitutionally ineffective assistance of counsel a habeas petitioner must establish both that counsel's performance was unreasonable and that he was prejudiced by counsel's performance).

[5] Petitioner does not explain what he means by "rush to judgment." To the extent Petitioner means to express that he is dissatisfied with having to serve a ten-year sentence, the court has found above that Petitioner's guilty plea was voluntarily and knowingly made with the knowledge that he was to receive a ten year sentence. Further, as stated above, there is no constitutional right to parole. See n.1 and n.3.

# III.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement

where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." <u>Dretke</u>, 541 U.S. at 393 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986); <u>Schlup v. Delo</u>, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" <u>McCoy v. Lockhart</u>, 969 F.2d 649, 651 (8th Cir. 1992) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. <u>See</u> <u>Sweet,</u> 125 F.3d at 1152 (citing <u>Schlup</u>, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. <u>See</u> <u>Dretke</u>, 541 U.S. at 393. In <u>Dretke</u>, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." <u>Id.</u> at 393-94.

In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." <u>Sweet,</u> 125 F.3d at 1152 n.9 (citing <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." <u>Schlup</u>, 513 U.S. at 327. (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." <u>Amrine v. Bowersox</u>, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. <u>McKinnon v. Lockhart,</u> 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme

Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833 (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there

are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Petitioner did not raise the issues which he raises in his § 2254 Petition before the Missouri appellate court as he withdrew his post-conviction relief motion while it was pending before the motion court. Petitioner has, therefore, procedurally defaulted all issues of his § 2254 Petition. To the extent Petitioner argues in his § 2254 Petition, in his Traverse, and in the Motion to Introduce Evidence that his procedural default should be excused because of his alcohol dependence, because he was medicated at the time he entered his October 29, 2007 guilty plea, because of ineffective assistance of counsel, because of his actual innocence, and/or because he was denied Klonopin and was suffering side effects from withdrawal from that medication at the time he entered his October 29, 2007 guilty plea, the court finds that Petitioner has not stated cause and/or prejudice to excuse his procedural default. First, Petitioner testified, upon entering both of his guilty pleas, that he understood the charges against him and the rights he was waiving. Second, "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n. 13 (8th Cir.1999)). Petitioner has not done so as he withdrew his State post-conviction relief motion. Third, at Petitioner's post-conviction relief hearing in August 2008 counsel testified that, at the October 29, 2007 plea hearing, Petitioner appeared to comprehend the proceeding and to be coherent and that a nurse at the facility where Petitioner was being held told counsel that Petitioner was receiving medication. Fourth, Petitioner acknowledges that he was

taking Klonopin when he entered his September 12, 2007 guilty plea. During this hearing Petitioner testified that he had been convicted of DWI on four prior occasions and that he was guilty of the charge for which he entered his September 12, 2007 guilty plea. These convictions were the basis of Petitioner's being found a chronic offender on October 29, 2007. Fifth, and most significantly, Petitioner does not allege that he was not on medication, that he was suffering the effects of withdrawal from medication, or that he was not otherwise competent at the time he withdrew his post-conviction relief motion in August 2008. Indeed, Petitioner does not suggest that the withdrawal of his post-conviction relief motion was involuntary. The court finds, therefore, that Petitioner has not stated cause or prejudice to excuse his procedural default of the issues which he raises in his § 2254 Petition. As such, the court concludes that Petitioner has procedurally defaulted all grounds for habeas relief which he raises in his § 2254 Petition; that he has not established cause and prejudice to excuse his procedural default; and that the relief requested by Petitioner in his § 2254 Petition should be denied. See Dretke, 541 U.S. at 388-89; Schlup, 513 U.S. at 327; Sweet, 125 F.3d at 1152 n.9; McCoy, 969 F.2d at 651.

## MOTION FOR REDUCTION IN SENTENCE

To the extent Petitioner asks this court to reduce his sentence based on the allegations of his § 2254 Petition, the court has found that Petitioner has procedurally defaulted all issues presented in his § 2254 Petition and that, therefore, his § 2254 Petition should be denied. To the extent Petitioner asks this court to reduce his sentence because the sentencing court did not have authority to sentence him and/or because the sentence was in excess of the maximum permitted by State law, this court does not have jurisdiction to reduce the sentence of a State prisoner. The determination of the proper sentence is dependent upon the interpretation and application of State law. Issues concerning the interpretation and application of state law are not cognizable in federal habeas

review. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (holding that error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (holding that an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under § 2254). Further, the United States Supreme Court held in Garner v. Louisiana, 368 U.S. 157, 166 (1961), that a federal court is "bound by a State's interpretation of its own statute and will not substitute [the federal court's] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court." As such, the court finds that Petitioner's Motion for Reduction of Sentence should be denied.

## MOTION TO INTRODUCE EVIDENCE

In the Motion to Introduce Evidence Petitioner seeks to introduce tapes of his "[monitoring] ordered by the doctor between the dates of October 4 and October 29, 2007." Petitioner contends that these tapes will demonstrate that, at the time he entered his October 29, 2007 guilty plea, he was suffering the effects of withdrawal from Klonopin. As stated above, at Petitioner's post-conviction relief hearing, his plea counsel testified that Petitioner appeared competent at the time he entered his guilty plea on October 29, 2007, and that a nurse told counsel that Petitioner had been receiving medication. Additionally, Petitioner testified at the October 29, 2007 plea hearing that he was receiving three other medications and that he knowingly, voluntarily, and intelligently waived his

Constitutional rights. Furthermore, Petitioner does not contend that, at the time he withdrew his post-conviction relief motion, he was denied medication or that he was not otherwise competent. The court finds, therefore, that the tape which Petitioner seeks to introduce is not "indispensable to a fair, rounded, development" of the facts relevant to Petitioner's § 2254 Petition. Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996). As such, the court finds that Petitioner has not shown good cause to support the Motion to Introduce Evidence. See Rule 6(a) of the Rules Governing Section 2254 Cases.

## CONCLUSION

For the reasons stated above, the court finds that Petitioner has procedurally defaulted Grounds 1-4. As such, Petitioner's § 2254 Petition for habeas relief should be denied in its entirety. The court also finds that the Motion for Reduction of Sentence and the Motion to Introduce Evidence filed by Petitioner should be denied. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; Doc. 1.

**IT IS FURTHER RECOMMENDED** that the Motion for Reduction of Sentence filed by Petitioner should be **DENIED**; Doc. 20

**IT IS FURTHER RECOMMENDED** that the Motion to Introduce Evidence should be denied; Doc. 26

13

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


/s/Mary Ann L. Medler
MARY ANN L.  MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 28th day of  July, 2009.